D'Agosta v. Harvey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
ROSEMARY S. POOLER,
<u>Circuit Judge</u>,
ERIC N. VITALIANO,
<u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X

JOSEPH S. D'AGOSTA, THOMAS MAISANO,
<u>Plaintiffs-Appellants</u>,

-v.-                                    12-1203

DR. FRANCIS J. HARVEY, SECRETARY,
DEPARTMENT OF THE ARMY,
<u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANTS:**  Dennis L. Friedman, Philadelphia, Pennsylvania.

**FOR APPELLEE:**  Varuni Nelson, Assistant United States Attorney (Seth D. Eichenholtz, Assistant United States Attorney, on the brief) for Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants Joseph S. D'Agosta and Thomas Maisano appeal from the judgment of the United States District Court for the Eastern District of New York (Gershon, J.), granting summary judgment in favor of Defendant-Appellee Dr. Francis J. Harvey, in his capacity as Secretary of the Army. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

D'Agosta and Maisano filed this sex and age discrimination action arising from a dispute with a co-worker, Eileen Barry. Their suit alleged that, following a complaint by Barry accusing them of inappropriate workplace behavior,[1] the Army Corps of Engineers ("Army Corps") conducted a seriously flawed investigation that led the Army Corps to accept Barry's allegations at face value due to her gender. The process ultimately ended in formal reprimands and downgraded performance appraisals for both men.

---

[1] This behavior included playing sound bites such as wolf whistles when female employees would pass by their desks and repeatedly questioning Barry about her relationship with another employee.

2

After Appellants filed grievances with the Army Corps, their union invoked the arbitration clause in the parties' collective bargaining agreement, triggering a thirteen-day arbitration hearing involving sixteen witnesses. The arbitrator found no discrimination, and the Equal Employment Opportunity Commission upheld the arbitrator's decision. The current action was filed in the United States District Court for the District of New Jersey, which then transferred the case to the Eastern District of New York. On July 13, 2011, the court granted the Army Corps' motion for summary judgment.

This Court reviews <u>de novo</u> a district court's grant of summary judgment. <u>See</u> <u>Tepperwien v. Entergy Nuclear Operations, Inc.</u>, 663 F.3d 556, 567 (2d Cir. 2011).

On appeal, Appellants argue broadly that the district court "failed to adhere to summary judgment principles." Pet'r Br. 10. The record shows otherwise. The district court properly set forth and applied well-established principles of summary judgment under Federal Rule of Civil Procedure 56. <u>See</u> SA 11-12. The court then applied the <u>McDonnell-Douglas</u> burden-shifting framework in assessing Appellants' discrimination claims. <u>See</u> SA 12-18 (employing the standard set forth in <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05 (1973)).

Appellants assert, in conclusory fashion and without record citation, that the district court ignored triable issues of fact. However, the court's thorough and well-reasoned opinion concluded [i] that the Army Corps provided a legitimate, non-discriminatory reason for its actions--the need to investigate alleged misconduct in the workplace; and [ii] that Appellants "proffered insufficient evidence, other than the minimal evidence necessary to establish their prima facie case," that the agency's actions were motivated by age or sex bias. SA 16-17. Appellants provide no basis for questioning this decision.

In addition, the court properly attached weight to the arbitrator's findings. <u>See</u> <u>Collins v. N.Y.C. Transit Auth.</u>, 305 F.3d 113, 119 (2d Cir. 2002) (holding that an independent and unbiased arbitration decision rendered after

3

an evidentiary hearing and based on substantial evidence "is highly probative of the absence of discriminatory intent").

    For the foregoing reasons, and finding no merit in D'Agosta and Maisano's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK